97 F.3d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allan TATE, Defendant-Appellant.
 No. 95-6293.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1996.
 
 Before: MERRITT, Chief Circuit Judge; WELLFORD and DAUGHTREY, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Defendant appeals his sentence of seventy-one months imprisonment for conspiracy to distribute cocaine. As part of defendant's agreement to plead guilty to a March 1995 drug conspiracy, the government dismissed four other criminal charges against him, including possession of 2.3 grams of crack cocaine found at his house in January 1995. At sentencing, the District Court increased the defendant's sentence after finding that the January drugs were "part of the same course of conduct or common scheme or plan" as the March conspiracy and after including the 2.3 grams of crack cocaine in the drug quantity used to calculate defendant's sentence. See United States Sentencing Guidelines § 1B1.3(a)(2). We agree that the January drug charge and the March conspiracy were "part of the same course of conduct." We reject defendant's contention that the District Court's factual findings with regard to the 2.3 grams were clearly erroneous, and we therefore AFFIRM defendant's sentence.
 
 
 2
 Our Court has held that conduct which is not formally charged, or which was charged but dismissed pursuant to a plea agreement, may be included in the calculation of the base offense level. See, e.g., United States v. Hill, 79 F.3d 1477, 1481 (6th Cir.1996), petition for cert. filed, (U.S. June 24, 1996). If such conduct was "part of the same course of conduct or common scheme or plan" as the offense of conviction, it qualifies as relevant conduct and is factored into the defendant's sentence. U.S.S.G. § 1B1.3(a)(2).
 
 
 3
 Acts are deemed to be part of a "common scheme or plan" if they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." U.S.S.G. § 1B1.3, comment (n. 9). In this case, the only common factor between the January charge and the March conspiracy was the location of the drugs: all were found in defendant's home. There was no evidence of common victims, common accomplices, common planning or any other factor linking the two offenses.
 
 
 4
 Assuming that the drug quantity found in January was not part of the same "common scheme or plan" as the March conspiracy, it may still be considered "part of the same course of conduct" for purposes of sentence enhancement under the guidelines. Whether an act is "part of the same course of conduct" as the offense of conviction is measured by three factors: its similarity, regularity, and temporal proximity to the offense of conviction. U.S.S.G. § 1B1.3, comment (n. 9). If one factor is not present, a stronger presence of one of the other two is required. Id. In this case, both offenses involved crack cocaine, and each occurred within two months of each other. The record also suggests that defendant engaged in this conduct on a regular basis. On these facts, the drugs from the January search are "part of the same course of conduct" as those from the March conspiracy and may properly be included in the drug quantity used to calculate defendant's base offense level. We AFFIRM defendant's sentence on this basis.